IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GENE RAY MARON                                                        PLAINTIFF

v.                                    Civil No. 06-2148

MIKE ALLEN, TERRY REA,
VENNA CUPP                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Gene Maron, filed this civil rights action on August 25, 2006. (Doc. 1). He proceeds pro se and in forma pauperis. The complaint is before the undersigned for a determination of whether it should be served on the defendants.

## BACKGROUND

Maron contends his constitutional rights were violated while he was incarcerated at the Crawford County Detention Center ("CCDC"). Specifically, he alleges he had an infection in his leg for which he was treated at the emergency room. (Doc. 1). Later, Maron states that he received a bill from the emergency room for said treatment. He states that he filed a grievance with the jail and was informed by Terry Rae, the Jail Administrator, that the CCDC would not pay for his medical expenses because the doctor determined that he did not have a spider bite. Maron's sole contention is that he should not be charged for medical care received while incarcerated. (Doc. 7).

## DISCUSSION

Maron's claim against all defendants is subject to dismissal. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person

acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled on other grounds). In order to establish an Eighth or Fourteenth Amendment violation, a plaintiff must demonstrate that there was a " 'deliberate indifference [on the part of the State] to serious medical needs of prisoners.'" *Helling v. McKinney,* 509 U.S. 25, 32 (1993) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). While the Eighth and Fourteenth Amendments to the Constitution do require the responsible government or governmental agency to provide medical care to prisoners, there is no general constitutional right to free health care. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 245 (1983); *Reynolds v. Wagner*, 128 F.3d 166, 173-174 (3rd Cir. 1997). "Nothing requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain." *Martin v. Debruyn*, 880 F.Supp 610, 614 (N.D. Ind. 1995). Therefore, as long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated. *City of Revere*, 463 U.S. at 245 (stating that "[n]othing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him"); *see also Blaise v. McKinney*, 187 F.3d 640 (8th Cir. 1999) (unpublished per curiam).

In the present case, Maron was transported to the emergency room where he was treated for an infection in his leg. In the addendum to his complaint, Maron indicated that his inability to pay for medical treatment has not prevented him from obtaining medical care. (Doc. 7). He also stated that his sole complaint was the fact that he received a bill for his medical treatment. Because Maron has not shown that he was denied necessary medical care based on his inability

2

to pay for his medical treatment or that serious medical needs were not addressed, we recommend that Maron's complaint be dismissed.

## CONCLUSION

I therefore recommend Maron's case be dismissed on the grounds the claims are not cognizable under § 1983. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Maron has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Pryor-Kendrick is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of November 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)